**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 7, 2026

Richard I. G. Jones, Jr.
Periann Doko
BERGER MCDERMOTT LLP
1105 North Market Street, 11th Floor
Wilmington, Delaware 19801

Sarah R. Martin
Trevor T. Nielsen
Bryan T. Reed
GREENBERG TRAURIG, LLP
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801

Re:     *Arif Ahmed v. JPMorgan Chase & Co. and J.P. Morgan Securities LLC*, C.A. No. 2025-1133-DG

Dear Counsel:

This decision resolves the defendants' Application for Certification of an Interlocutory Appeal.[1]  The defendants filed the application after the deadline.

Delaware Supreme Court Rules and not Court of Chancery Rules govern interlocutory appeals.  Delaware Supreme Court Rule 42(c)(i) requires that a party apply to the trial court for certification of interlocutory appeal "*within 10 days* of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."[2]  This court issued the decision on June 10, 2026.[3]  Under Delaware Supreme Court Rule 11, the deadline for filing the application was June 22, 2026, because the period of time for responding

---

[1] C.A. No. 2025-1133-DG, Docket ("Dkt.") 85.

[2] Supr. Ct. R. 42(c)(i) (emphasis added).

[3] Dkt. 84.

exceeded seven days.[4]  The defendants filed the application on June 25, 2026.[5]  Good

cause does not exist to extend the deadline.  The application is denied.[6]

 IT IS SO ORDERED.

       Sincerely,

       */s/ Kathaleen St. J. McCormick*

       Chancellor

cc: All counsel of record (by *File & ServeXpress*)

---

[4] *Compare* Supr. Ct. R. 11(a) ("When the period of time prescribed or allowed *is less than 7 days*, intermediate Saturdays, Sundays and other legal holidays shall be excluded in the computation.") (emphasis added) *with* Ct. Ch. R. 6(a)(1)(B) ("Exclude intermediate Saturdays, Sundays, and legal holidays when the period *is less than 11 days*.") (emphasis added).

[5] Dkt. 85.

[6] *See also J.C. Opco, LLC v. Hudson Hosp. Holdco, LLC*, 284 A.3d 725 (Del. 2022) (TABLE) (refusing an untimely application for interlocutory appeal); *Bentley v. Div. of Youth & Fam. Servs.*, 836 A.2d 513 (Del. 2003) (TABLE) (same).  Because the application is untimely, no Rule 42(b) criterion is applicable.  *See* Supr. Ct. R. 42(c)(iv).